# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARCIA ELAINE PERKINS,**
        **Plaintiffs,**

     v.                                                          **Case No. 08C0193**

**NEIGHBORHOOD IMPROVEMENT DEVELOPMENT**
**CORPORATION, LANDMARK CREDIT UNION,**
**CHICAGO TITLE INSURANCE COMPANY and**
**UNIVERSAL MORTGAGE CORPORATION,**
        **Defendants.**

## DECISION AND ORDER

On March 4, 2008, plaintiff Marcia Elaine Perkins filed this action against Neighborhood Improvement Development Corporation, Landmark Credit Union, Chicago Title Insurance Company and Universal Mortgage Corporation. She also filed a motion to proceed in forma pauperis and a request for appointed counsel.

Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Under 28 U.S.C. § 1915, a plaintiff may request to proceed in forma pauperis and avoid the payment of this filing. Section 1915 is meant to ensure indigent litigants meaningful access to federal courts, <u>Nietzke v. Williams</u>, 490 U.S. 319, 324 (1989), and applies to both nonprisoner plaintiffs and to plaintiffs who are incarcerated, <u>Floyd v. United States Postal Serv.</u>, 105 F.3d 274, 275-77 (6th Cir. 1997). Here, the heightened requirements of the Prison Litigation Reform Act do not apply. <u>See West v. Macht</u>, 986 F. Supp. 1141, (W.D. Wis. 1997).

Under § 1915, an indigent party may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." § 1915(a)(1). Plaintiff has filed such an affidavit. Upon review, I am satisfied that plaintiff meets the poverty requirement of § 1915. Plaintiff alleges that her monthly expenses exceed her monthly income. Thus, I will waive the filing fee.

The court must dismiss an action that is frivolous or malicious, fails to state a claim, or seeks money damages against a defendant immune from such relief. See § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). The court is obliged to give a pro se plaintiff's allegations, however inartfully pleaded, a liberal construction. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

2

Plaintiff's complaint is largely unintelligible. Her statement of claim reads, in its entirety:

> NIDC – Discrimination – misled elderly disabled person moral/mental trespassing unlaw [sic] threats. Conspiracy to defraud and default. Discrimination retaliation. Hippa - Privacy Act. Moral/mental trespassing. Malice. Intimdation [sic]. Victimization of rights. Mental anguish. Misrepresentation. Each parties cause disruption in every day living along with jeopardizing safety – created hardship among leading a normal life. Endangerment of safty [sic] regardless of health of elderly disabled person. When [sic] out of their way to bring about bad faith along with unethical conduct each party I can't know their limites [sic] they have set forth by the hate they have shown. Universal Mortgage Corporation Landmark Credit Union/Landmark's Appraisal Company – Chicago Title Ins. Co. Falseizing [sic] form – files records.

(Compl. at 3.) This does not state any claim against any defendant. Plaintiff mentions "Hippa," presumably the Healthcare Portability and Accountability Act of 1996 ("HIPAA"), and the Privacy Act. However, any claim under these statutes would be frivolous. HIPAA does not provide a private right of action. Doe v. Bd. of Trs. of the Univ. of Ill., 429 F. Supp. 2d 930, 944 (N.D. Ill. 2006). The Privacy Act of 1974 governs federal agency actions and plaintiff has not named any federal agency as a defendant. See 5 U.S.C. § 552a. Other than that, it is clear that plaintiff is angry with defendants, but her complaint does not allege any facts suggesting a claim over which I have jurisdiction. Plaintiff uses the word discrimination, but does not state a claim under any federal discrimination statute. As such, I will dismiss this action. See § 1915(e)(2).

**For the reasons stated,**

**IT IS ORDERED** that plaintiff's request to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

3

**IT IS FURTHER ORDERED** that plaintiff's request for counsel is **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin this 7 day of March, 2008.

/s_____
LYNN ADELMAN
District Judge